United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41824
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY W. GORE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-232-2
--------------------

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Jerry Wayne Gore, Jr., pleaded guilty without a written plea agreement to conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Following United States v. Booker, 543 U.S. 220 (2005), this court vacated Gore's original sentence and remanded the case for resentencing. On remand, the district court found by a preponderance of the evidence that 1,630.11 grams of "ice" was attributable to Gore. The court sentenced Gore to 327 months of imprisonment and five years of supervised release.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gore argues that his guilty plea was not knowingly and intelligently made because neither the factual basis nor the Fed. R. Crim. P. 11 colloquy mentioned an "ice" conspiracy. He argues that by failing to advise him of the true nature of the charge to which he was pleading guilty, the district court failed to comply with Fed. R. Crim. P. 11(b)(1)(G). Where, as here, a defendant did not object to Rule 11 error in the district court, this court reviews for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002).

A guilty plea involves the waiver of several constitutional rights and, accordingly, must be knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); see Fed. R. Crim. P. 11. Rule 11 explicitly requires that the district court "inform the defendant of, and determine that the defendant understands ... the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). Rule 11(b)(1)(G)'s requirement regarding the nature of the charge is fulfilled when the defendant is informed of the elements of the offense charged. See United States v. Lujano-Perez, 274 F.3d 219, 224 (5th Cir. 2001).

The fact that the methamphetamine involved in the offense was "ice" was not a fact that increased the statutory penalty for Gore's crime such that it, in effect, became an essential "element" of the offense charged. See Apprendi v. New Jersey, 530 U.S. 466, 490 , 494 n.19 (2002). Although the involvement of "ice" did affect Gore's sentencing guidelines range, the district court

2

could, following Booker, "continue to find by a preponderance of the evidence all facts relevant to sentencing, even if those facts increase the guideline sentencing range." United States v. Johnson, 445 F.3d 793, 798 (5th Cir. 2006), cert. denied, 126 S. Ct. 2884 (2006). Gore has not established error, plain or otherwise, in the validity of his guilty plea. Vonn, 535 U.S. at 59.

Gore's argument that his post-Booker sentence violated due process is likewise without merit. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005)). To the extent that Gore argues that Mares was wrongfully decided, one panel of this court may not overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

AFFIRMED.